**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**UNITED STATES OF AMERICA,**

**VS.**                        **CRIMINAL ACTION NO. 4:06CR124-P-B**

**CHARLES BARRETT MERRILL,
WILBUR TYRONE PEER,
ERWIN DAVID RABHAN,
JIMMY WINEMILLER, AND
WILLIAM MITCHELL WINEMILLER,**             **DEFENDANTS.**

## FOURTH ORDER OF CONTINUANCE

These matters come before the court upon Defendant Wilbur Peer's motion to continue [103-1] and Defendant Jimmy Winemiller's motion to continue [104-1]. After due consideration of the motions, the court finds as follows, to-wit:

Trial of this matter is currently set for August 27, 2007. Counsel for Defendant Wilbur Peer requests a continuance because he has a previously set trial in the United States District Court for the Eastern District of Arkansas that conflicts with the current trial date in this case. Counsel for Defendant Jimmy Winemiller avers that he needs additional time to review discovery in this complex case, including at least 62,000 documents, and he has a previously set trial that may conflict with the current trial date. Counsel for Defendant Winemiller also requests a scheduling conference to coordinate among the court and the attorneys in this action for an appropriate trial date.

The Government does not object to the continuance.

The court has observed in prior orders continuing trial in this matter that this case is complex within the meaning of 18 U.S.C. § 3161(h)(8)(B)(ii). This case concerns five defendants charged with defrauding the U.S. Government and involves a great deal of discovery. The parties have

1

estimated that trial of this matter will last from three to four weeks. Each time one defendant is granted a continuance, however, trial is continued for all defendants. Inevitably, trial must take place within the confines of the Speedy Trial Act. The court will not grant innumerable continuances in this case and cannot allow the trial calendars of five or more attorneys to unduly infringe upon the defendants' right to a speedy trial or to dictate this court's docket. Therefore, the request for a scheduling conference is denied and the court will set a new trial date that is available for the court. In the event that trial date proves insurmountable, the defendant in question can file another motion to continue.

The above circumstances enable the Court to exclude, pursuant to 18 U.S.C. sections 3161(h)(8)(A) and 3161(h)(8)(B)(ii), the period of delay from August 27, 2007 until the new trial date to be set in this matter. The time is excludable under subsection (h)(8)(A) because, given the complexity of the instant case pursuant to (h)(8)(B)(ii), a continuance is necessary to afford the defendants' counsel more time to adequately prepare for their clients' defense. As such, the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant Wilbur Peer's motion to continue [103-1] is **GRANTED**;

(2) Defendant Jimmy Winemiller's motion to continue [104-1] is **GRANTED**;

(2) Trial of this matter is continued as to all defendants until Monday, October 22, 2007 at 9:00 a.m. in the United States Courthouse in Greenville, Mississippi;

(3) The delay from August 27, 2007 to October 22, 2007 is excluded from Speedy Trial Act considerations as set out above;

(4) The deadline for filing pretrial motions is October 1, 2007; and

(5) The deadline for submitting a plea agreement is October 8, 2007.

**SO ORDERED** this the 4th day of June, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE